J-A07011-25                    2024 PA Super 53

IN THE INTEREST OF: J.C.N., A : IN THE SUPERIOR COURT OF
MINOR : PENNSYLVANIA
:
:
:
APPEAL OF: J.C.N., A MINOR :
:
:
:
:
:
: No. 877 MDA 2024

Appeal from the Dispositional Order Entered May 16, 2024
In the Court of Common Pleas of Lancaster County Juvenile Division at
No(s): CP-36-JV-0000199-2023

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

OPINION BY BOWES, J.:                    **FILED: MARCH 6, 2025**

J.C.N. appeals from the dispositional order following his adjudication of delinquency for acts that would constitute the crimes of assault of a law enforcement officer and institutional vandalism if committed by an adult. We affirm.

The juvenile court set forth the following recitation of the underlying incident:

> On March 8, 2023, an East Hempfield Township police officer was dispatched to a call for an aid and assist from the River Rock Academy. [Fifteen-year-old Appellant, a student there], left the property without permission and the academy needed assistance finding him. The officer was told that the student was a white male with dark hair wearing jeans and a white shirt. The officer located the student and pulled his cruiser around, activating his emergency lights. He directed [Appellant] to stop where he was. [Appellant] immediately began flipping him off and yelling obscenities. [He] yelled "fuck you" and ran off through a plaza parking lot.
>
> The officer pulled around once again and told him to stay where he was, informing [Appellant] that he was being detained

for truancy. The officer took [Appellant] by his right arm and placed him in the cruiser. [Appellant] did not physically resist but continued to yell obscenities. [Appellant] was not put in handcuffs at this point. The officer radioed dispatch and returned to the River Rock Academy. After returning to the academy, the officer learned that the principal did not want [Appellant] back at the school because of the way he had been acting. The principal gave the officer contact information for [Appellant's] father. During this conversation, [Appellant] was banging on the window and rear partition of the cruiser.

The officer contacted [Appellant's] father and arranged a meeting point to exchange [custody of him]. [Appellant's] father was present at the meeting point and allowed to get [Appellant] from the cruiser. [Appellant] began getting agitated and was visibly upset. While the officer was standing at the rear of his cruiser, [Appellant] and his father were rounding the cruiser. [Appellant], who was behind his father, deliberately spat at the officer. At the time [he] spat, he and the officer were about six feet apart. The officer did not believe that [Appellant's] spit made contact. This incident was caught by the officer's body-worn camera[.]

To diffuse the situation, the officer let [Appellant] and his father go and decided to contact them later. [Appellant's] father was contacted and informed that [he] would be charged with assault on a law enforcement officer.

Juvenile Court Opinion, 8/9/24, at 1-2 (capitalization altered and citations omitted). Appellant appeared for an adjudication hearing approximately one year later, during which the court viewed the body-camera footage. The court adjudicated him delinquent and thereafter placed him on probation, directed him to perform forty hours of community service, and ordered him to pay $50 in restitution.[1]

---

[1] This disposition was part of a joint recommendation with two other dockets involving harassment adjudications, which are not part of the instant appeal.

- 2 -

This timely appeal followed.[2] The juvenile court ordered Appellant to file a concise statement, with which he timely complied.[3] The court authored a responsive Rule 1925(a) opinion. Appellant challenges the sufficiency of the evidence to adjudicate him delinquent of assault of a law enforcement officer "where there was no proof that [Appellant] intended for his saliva to come in contact with the officer and his actions did not amount to an attempt to do so[.]" Appellant's brief at 6.

We consider this issue mindful of the following legal principles:

When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence.

---

[2] We note that the thirtieth day was a Saturday. *See* 1 Pa.C.S. § 1908 (directing that "[w]henever the last day of any [appeal] period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation").

[3] We remind the court that its Rule 1925(b) order must indicate "both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge[.]" Pa.R.A.P. 1925(b)(3)(iii).

Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth. The finder of fact is free to believe some, all, or none of the evidence presented.

*In Int. of P.S.*, , 650 (Pa.Super. 2017) (cleaned up).

Assault of a law enforcement officer, as charged in this case, is defined thusly:

Except as provided under [§§] 2703 (relating to assault by prisoner), 2703.1 (relating to aggravated harassment by prisoner) and 2704 (relating to assault by life prisoner), a person is guilty of a felony of the third degree if the person intentionally or knowingly causes or attempts to cause a law enforcement officer, while in the performance of duty and with knowledge that the victim is a law enforcement officer, to come into contact with blood, seminal fluid, saliva, urine or feces by throwing, tossing, spitting or expelling the fluid or material.

18 Pa.C.S. § 2702.1(a)(2). Notably, this subsection was only added two months before the charged conduct. Prior to that amendment, this crime solely targeted acts involving firearm discharges. *See* 18 Pa.C.S. § 2702.1 (effective 12/6/08 through 1/2/23). Indeed, before § 2702.1 was amended, assault by expulsion of bodily materials was limited to actions committed by prisoners. *See* 18 Pa.C.S. §§ 2703, 2703.1, 2704. Consequently, the jurisprudence surrounding the charged subsection is presently non-existent.

Appellant challenges the intent element. Relying upon the body-camera videos and the agitated state in which Appellant was found, he contends that while he spit in the direction of the officer, the evidence did not establish that he "specifically intended to hit the officer with his saliva." Appellant's brief at 18. He maintains that the video evidence portrayed "a child who was out of

control and in need of support." *Id*. Insisting that the Commonwealth needed to prove that he had the specific intent to cause his saliva to strike the officer, not just that he took a substantial step towards that conduct, he claims the Commonwealth failed in its burden. *Id*. at 19-20. Appellant argues that the evidence established that his actions were "a symbolic expression of disrespect for the officer, not a specific intent to hit him with his saliva." *Id*. at 22. In sum, he posits that "[t]he contemptuous expression of derision of spitting on the ground toward the officer from six to ten feet away without hitting the officer falls short of the intent necessary to sustain an adjudication under 18 Pa.C.S. § 2702.1(a)(2)." *Id*. at 22-23.

There is no indication that Appellant's saliva landed on the officer. Therefore, as noted by the issue raised, the pertinent *mens rea* element is that of attempt. Although there is no case law interpreting this subsection, we observe that the prior version, focusing upon discharge of a weapon, included the same intent language, albeit in reverse order: "attempts to cause or intentionally or knowingly causes[.]" 18 Pa.C.S. § 2702.1(a) (effective 12/6/08 through 1/2/23). We interpreted that language thusly:

> Section 2702.1 does not further define what is required to prove criminal attempt, but Chapter 9 of the Crimes Code, which sets forth inchoate crimes, and is part of the Code's Preliminary Provisions, does define criminal attempt. Specifically, Section 901(a) indicates "a person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a). Thus, criminal attempt under Section 2702.1 requires a showing of some act, albeit not one actually causing bodily injury, accompanied by an intent to inflict bodily injury upon a law

enforcement officer by discharging a firearm. ***See*** 18 Pa.C.S. §§ 901(a) and 2702.1(a).

In defining the necessary *mens rea* for criminal attempt, [§] 302 of the Crimes Code addresses general requirements of culpability and defines "intentionally" as follows:

> . . . .
>
> > (1) A person acts intentionally with respect to a material element of an offense when:
> >
> > > (i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and
> > >
> > > (ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

18 Pa.C.S. § 302(b)(1)(i), (ii).

As our Court has previously stated with regard to proving intent for criminal attempt:

> An intent is a subjective frame of mind, it is of necessity difficult of direct proof. We must look to all the evidence to establish intent, including, but not limited to, the defendant's conduct as it appeared to his eyes. Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances.

***Commonwealth v. Alford***, 880 A.2d 666, 671 (Pa.Super. 2005) (quotation omitted). The intent for attempt may be shown by circumstances which reasonably suggest that a defendant intended to cause bodily injury.

Thus, in order to prove an attempt under [§] 2702.1, the Commonwealth must demonstrate both a substantial step plus an intent to cause bodily injury to a law enforcement officer by discharging a firearm.

***Commonwealth v. Landis***, 48 A.3d 432, 446 (Pa.Super. 2012) (internal brackets, ellipses, and some citations and quotation marks omitted; citations altered). Applying this to the matter *sub judice*, we hold that to prove attempt pursuant to § 2702.1(a)(2), the Commonwealth was required to establish "both a substantial step plus an intent to cause" the saliva to come into contact with the officer. ***Id***.

Our review of the record demonstrates that this was a fraught situation. Appellant was visibly anxious and his father attempted to de-escalate the encounter as he walked his son away from the officers. Nonetheless, the officer's body camera footage shows that as his father escorted him, Appellant looked at the officer and spat at an angle so as to hit him. In the light most favorable to the Commonwealth, that established both a substantial step towards and an intent to cause his saliva to hit the officer. The fact that it fell short is of no moment. We acknowledge Appellant's argument that the act was intended to symbolize his discontent with the officer, whom he believed had treated him unfairly. However, he did not convey that feeling by spitting on the ground, but rather, by spitting directly at the officer. As written, that conduct was wholly encompassed by § 2702.1(a)(2).

Based on the foregoing, we conclude that the Commonwealth sustained its burden of proof. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/06/2025